**Harold I. Hettinger, Appellee, v. George W. Brokhausen, Appellant.**

### Gen. No. 5300.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. VERDICTS—*when remittitur required.* If it appears that a large part of an excessive verdict represents exemplary damages which the evidence did not justify, a *remittitur* will be required as a condition to affirmance.

Action in case. Appeal from the Circuit Court of Stephenson county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed May 18, 1910.

W. N. CRONKRITE and ROBERT B. MITCHELL, for appellant.

J. A. CRAIN and LOUIS H. BURRELL, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This in an action of trespass brought by Harold I. Hettinger, a minor, by his next friend, against George W. Brokhausen for the recovery of damages alleged to have been caused by a collision between a bicycle ridden by said Hettinger and an automobile driven by said Brokhausen on the 19th day of August, 1908. The declaration consisted of five counts, of which the first and second charged that the defendant assaulted plaintiff, who was at that time about ten years old, by driving his automobile upon plaintiff while he was riding a bicycle in the exercise of due care; the third count charged that the defendant wantonly and negligently drove his automobile without ringing a suitable bell or blowing a horn or using other signal, contrary to the statute, and that the automobile struck plaintiff and threw him upon the paved street, wounding his left shoulder, and the back of his head, and mutilating his ear, whereby plaintiff became permanently disfigured; the fourth count charged that defendant wantonly and negligently drove the automobile at a rate of speed in excess of fifteen miles per hour and that it struck plaintiff with great force and injured him; and the fifth count alleged that the defendant ran an automobile along a brick paved street, being one of the principal streets of the city of Freeport, while plaintiff was riding a bicycle thereon; and that defendant wantonly and negligently ran said automobile at a speed greater than was reasonable with regard to traffic and the use of the streets and contrary to the form of the statute, whereby plaintiff was struck and injured. Defendant below pleaded the general issue, there was a trial and a verdict and a judgment for $2,000, from which defendant below appeals.

Stephenson street, on which the accident in question

occurred, extends through the city of Freeport in Stephenson county in an east and west direction, is' paved with brick and is forty-two feet wide from curb to curb, with a street car track about four feet and eight inches wide in the center of the street. Shortly before seven o'clock on the evening of the accident appellee left his home and went to the home of J. F. Fair on Stephenson street where he borrowed a bicycle and began riding about the streets and sidewalks in that vicinity. At the time of the accident he was riding west in the street, and after riding in that direction for a short distance, an automobile, carrying four men and driven by appellant, overtook appellee, struck the bicycle and threw appellee to the pavement. Appellee received no internal injuries, but was bruised and injured on the head, arm, back and shoulder, and his left ear was cut and torn. The contention of appellant is that, as he approached appellee, appellee was riding on the south side of the street, while the automobile was on the north side of the street, and that at that moment, appellee turned over to the north side of the street, directly in the path of the approaching automobile and so close thereto that appellant was unable to stop his machine before colliding with appellee. Appellee contends that the evidence shows that he was riding on the north side ·of the street in a westerly direction ahead of the automobile and that appellant approached at a great rate of speed from behind and struck appellee without any warning. The evidence on these points is conflicting to such an extent that we would not feel warranted in disturbing the verdict of the jury, whichever way they might have found as to these points.

We are however satisfied that the damages are excessive and that the jury may have been led to the giving of such excessive damages by certain instructions given at the request of appellee. There was great conflict in the evidence as to the rate of speed at which the automobile was running at the time of

the accident, appellant placing the speed at eleven or twelve miles per hour and being corroborated in that statement by several others, while the witnesses for appellee placed the speed at from fifteen to twenty-five miles per hour. We are satisfied, however, from reading the entire proof, that appellee's contention as to the rate of speed is not borne out by the evidence. With the proof as to rate of speed in the condition indicated, the jury were instructed that if they believed from the evidence that the plaintiff was without fault but that defendant wantonly and recklessly caused the injury complained of and that the plaintiff had sustained actual damages thereby, then the jury were authorized to allow in addition to such compensatory damages, exemplary damages by way of punishment of such wanton conduct. Appellee was not very seriously injured and the judgment for $2,000 is, in our judgment, far in excess of the amount of pecuniary damages he has sustained. It is therefore apparent to the court that a good part of the verdict must be considered to have been given by the jury as exemplary damages. We are of opinion that the proof did not warrant the allowance of exemplary damages. While we cannot determine just what part of the verdict was awarded as exemplary damages yet we feel justified in requiring a very substantial reduction in the amount of the judgment if it is to stand.

This opinion will, therefore, be lodged with the clerk of this court and counsel notified thereof. If counsel for appellee shall file a *remittitur* for $750 within five days thereafter, the judgment will be affirmed in the sum of $1,250 at the costs of appellee; otherwise, the judgment will be reversed and the cause remanded for further proceedings in conformity with this opinion.

Appellee having filed a *remittitur* herein in the sum of $750, the judgment is therefore affirmed in the sum of $1,250 at the costs of the appellee.

*Affirmed upon remittitur.*